IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Priority Payment Systems, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | _____ |
| **VeriFone, Inc.,** ) | |
| ) | |
| **Defendant.** ) | |

### VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiff Priority Payment Systems, LLC ("Plaintiff" or "Priority"), seeking a declaratory judgment with respect to the right to use the trademark "MX" in relation to internet websites used as reporting, customer service, processing and tracking tools for Plaintiff's merchants and agents. In support thereof, Plaintiff shows the Court as follows:

### Parties

1. Plaintiff is a limited liability company organized under the laws of Georgia with its principal place of business in Atlanta, Georgia.

2. Defendant VeriFone, Inc. ("VFI") is a Delaware corporation registered to conduct business in Georgia, with its principal office located at 2099 Gateway Place, Suite 600, San Jose, California 95110. VFI has two offices in Georgia

169012.3

located at: (1) Royal Center4, 11700 Great Oaks Way, Suite 210, Alpharetta, Georgia, 30022 and (2) 8001 Chatham Center Drive, Suite 500, Savannah, Georgia 31405.  VFI may be served by serving its registered agent for service of process, Corporation Service Company, with summons and complaint at 40 Technology Parkway S., #300, Norcross, Georgia 30092.

## Jurisdiction and Venue

3.     This Court has jurisdiction over the subject matter of this action and personal jurisdiction over Defendant.

4.     Jurisdiction for this action arises under the trademark laws of the United States, also known as the Lanham Act, 15 U.S.C. § 1051 *et seq*.

5.     Defendant is subject to the jurisdiction of this Court because: (1) it is a business registered to conduct business in Georgia; (2) it regularly transacts business in this state; and (3) it purposefully directed its activities toward Georgia such that it should have reasonably expected to be haled into court here.

6.     Venue is proper in this Court as a substantial part of the events giving rise to the claims herein occurred within this judicial district; venue therefore lies in this district under 28 U.S.C. § 1391(b).

## Statement of Facts

7. Priority began using the trademark "MX" commercially in conjunction with its services in 2005, which predates VFI's use of its trademark. An example of Priority's prior use of its trademark on its websites as early as January 11, 2006 (highlighting added for the Court's convenience) is attached as **Exhibit A.**

8. A copy of Priority's trademark as used in commerce today is attached as **Exhibit B**.

9. Priority's services consist of internet websites used as reporting, customer service, processing and tracking tools for Plaintiff's merchants and agents. Priority has consistently used the trademark "MX" commercially in that field over the intervening years and still does so at present.

10. VFI filed an intent-to-use application for federal trademark registration of the trademark "MX" in International Class 009 on March 26, 2008. The description of goods on the application reads as follows: "Providing electronic terminals for signature verification for credit and debit card transactions, and computer hardware and software related thereto; computer terminals that conduct point of sale (POS) price checks, and computer hardware and software related thereto; electronic payment terminals; electronic payment terminals that contain global positioning systems (GPS); electronic payment terminals that contain

electronic advertisement display units; POS payment authorization, transaction and processing terminals and computer hardware and software related thereto; credit, debit, and loyalty card readers; printers; scanners; electronic payment terminals that contain vehicle navigation units. A printout of VFI's trademark information is attached as **Exhibit C**.

11. VFI admits in its trademark application that its first use of the trademark "MX" was on January 16, 2006, and its first commercial use of the mark was January 26, 2006. *See id.*

12. VFI filed a statement of use with the United States Patent and Trademark Office ("USPTO") on May 11, 2010 and a federal trademark registration for the trademark "MX" in International Class 009 issued from the USPTO to VFI on October 26, 2010 (Registration No. 3867933). *See id.*

13. On February 2, 2012, VFI first sent correspondence to Priority alleging trademark infringement on the trademark "MX" by Priority Payment. In this correspondence, VFI admits its first use of the trademark "MX" was in 2006. *See* February 2, 2012 correspondence from Albert Liu to John V. Priore attached as **Exhibit D.**

14. Priority responded by correspondence dated February 10, 2012, denying any trademark infringement on its part or any potential for consumer confusion based

on use of the two trademarks, and clearly stating Priority Payment is the senior user. *See* February 10, 2012 correspondence from Greg Michell to Albert Liu, attached as **Exhibit E**.

## COUNT I

## DECLARATORY JUDGMENT

15. Plaintiff restates and re-alleges the averments of all preceding paragraphs as if fully set forth herein.

16. There is an actual controversy regarding the rights and obligations of the Parties with respect to the trademarks "MX."

17. The Parties have a real interest in determining their respective rights and obligations. VFI's interest with respect to this issue is adverse to Priority's interest.

18. The Parties' rights and obligations regarding the trademarks "MX" are ripe for determination.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. That this Complaint be duly filed with the Court and served according to law;

      b.      That the Court declare Plaintiff is the senior user among the parties of the trademark "MX";

      c.      That the Court declare Plaintiff's use of its trademark "MX" in relation to internet websites used as reporting, customer service, processing and tracking tools for Plaintiff's merchants and agents does not infringe the registered trademark of VFI in International Class 009;

      d.      That the Court declare Plaintiff lawfully retains the right to use its "MX" trademark as it has since 2005 in relation to internet websites used as reporting, customer service, processing and tracking tools for Plaintiff's merchants and agents;

      e.      Such other and further relief as the Court deems just and proper.

This 12th day of March, 2012.

**S/ Greg Michell**
Greg Michell
Georgia Bar No. 504053

**BALCH & BINGHAM LLP**
30 Ivan Allen Jr. Blvd. N.W., Suite 700
Atlanta, GA 30308
Telephone: (404) 261-6020
Facsimile: (404) 261-3656

ATTORNEYS FOR PLAINTIFF

## **VERIFICATION**

Personally appeared before me, the undersigned officer duly authorized to administer oaths, John V. Priore, in his capacity as the President and Chief Executive Officer of Priority Payment Systems, LLC, who, having been first duly sworn, deposes and says that the allegations in Plaintiff's **VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT** are true and correct and based upon his own personal knowledge, information and belief.

This 12th day of March, 2012.

_____

Sworn to and subscribed before me
this 12th day of March, 2012.

_____
NOTARY PUBLIC
My commission expires:
04/14, 2013